IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                CASES NO.   4:11cr32-RH/GRJ
                                                                                            4:13cv236-RH/GRJ
JAMEY ALEXANDER MURPHY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

    The defendant Jamey Alexander Murphy pleaded guilty to cocaine and firearm offenses.  He was sentenced.  He appealed, and the Eleventh Circuit affirmed.  Mr. Murphy now has moved for relief under 28 U.S.C. § 2255.

    The motion is before the court on the magistrate judge's report and recommendation, ECF No. 73, and the objections, ECF No. 77.  I have reviewed de novo the issues raised by the objections.  This order accepts the report and recommendation and denies the § 2255 motion.

    Mr. Murphy contends that his attorney rendered ineffective assistance by advising Mr. Murphy to plead guilty without fully advising him about a possibly well-founded motion to suppress critical evidence.  To prevail on an ineffective-

assistance claim, a defendant must show both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The basis for a motion to suppress, in Mr. Murphy's view, was the installation of a GPS tracking device on Mr. Murphy's car.  Mr. Murphy says agents installed the device without a warrant while the car was parked in a driveway on the private property where Mr. Murphy lived.  The device yielded information that agents used to obtain a search warrant for a storage unit and later for another storage unit.  The agents found drugs, guns, and money in the storage units and leveraged this evidence to obtain incriminating statements from Mr. Murphy.

The agents had developed significant information about Mr. Murphy's activities before placing the GPS device on the car.  At least insofar as shown by this record, the information was sufficient to provide reasonable suspicion that Mr. Murphy was engaged in drug trafficking and that placing a GPS device on the car would lead to information confirming his involvement.  Mr. Murphy has not alleged facts suggesting that the agents lacked reasonable suspicion.

The law of the circuit and in this district at the time of the guilty plea was not completely settled but strongly suggested that reasonable suspicion was sufficient to support placement of a GPS device on a car, and that a search warrant thus was unnecessary, even if the car was parked in a driveway on private

property.  *See, e.g.*, *United States v. Michael*, 645 F.2d 252, 257 (5th Cir. 1981) (en banc) (reversing the suppression of evidence obtained through the warrantless installation of a beeper on a car that was in a restaurant parking lot but announcing the court's holding in broader terms: "We . . . hold that reasonable suspicion is adequate to support warrantless beeper installation."); *United States v. Burton*, 698 F. Supp. 2d 1303, 1308 (N.D. Fla. 2010) (denying a motion to suppress evidence obtained from a GPS tracking device that was placed on the defendant's vehicle while it was parked in the driveway of the defendant's residence).  *Michael* was binding precedent.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981).  And *Burton*, while not binding, was a recent decision of a district court in the same district squarely on point.

To be sure, the Supreme Court held *later* that installing a GPS tracking constitutes a search, suggesting that a device can be installed only with probable cause, and perhaps also only with a warrant.  *See United States v. Jones*, 132 S. Ct. 945 (2012).  But an attorney's failure to anticipate a change in the law, without more, does not constitute ineffective assistance.  *See, e.g.*, *Funchess v. Wainwright*, 772 F.2d 683, 691 (11th Cir. 1985).  And as the report and recommendation notes, Mr. Murphy was, by his own account, aware of this issue and the state of the law.  He chose to plead guilty anyway.

More importantly, an officer who takes action that reasonably appears to be authorized by the law of the circuit and is plainly authorized by a recent decision of the pertinent district court acts in good faith, precluding suppression of evidence obtained as a result. *See, e.g.*, *Davis v. United States*, 564 U.S. 229 (2011) (holding that the exclusionary rule does not apply to evidence seized as a result of an officer's objectively reasonable reliance on binding judicial precedent); *United States v. Leon*, 468 U.S. 897 (1984) (holding that the exclusionary rule does not apply to evidence seized as a result of an officer's good-faith reliance on an invalid warrant); *see also Heien v. N.C.*, 135 S. Ct. 530 (2014) (rejecting a Fourth Amendment claim arising from an officer's reasonable mistake of law).

So a motion to suppress would have failed in the district court, based on the law of the circuit at the relevant time and a recent decision of the district court. After losing such a motion in the district court, Mr. Murphy could have pleaded guilty while reserving the right to appeal, if the government consented. By the time of any appellate decision, Mr. Murphy would have had the benefit of a change in the law—the Supreme Court's decision in *Jones*. But he still would ultimately have lost the suppression issue, because the agents acted in good faith. And had Mr. Murphy gone to trial despite having lost a motion to suppress, he would have had no chance of success, because the evidence seized from the storage units, together with Mr. Murphy's incriminating statements, would have ensured his

conviction.  Indeed, at that point, there is no reason to believe Mr. Murphy would have analyzed the decision whether to plead guilty or go to trial any differently than he in fact analyzed the decision when he pleaded guilty.  Mr. Murphy has not suggested he would have gone to trial in the face of the unsuppressed evidence, or that his attorney's advice on the merits of going to trial, based on that evidence, was erroneous.

In short, Mr. Murphy has not shown deficient performance because his claim turns on his attorney's failure to anticipate a change in the law.  And he has not shown prejudice, because the agents acted in good faith, and there is no reason to believe this case would have come out differently, no matter the advice given by the attorney.  The § 2255 motion thus must be denied.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Reasonable jurists could disagree on whether this motion was properly denied without an evidentiary hearing. This order thus grants a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant Jamey Alexander Murphy's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is granted on this issue: whether the claim that the defendant's attorney rendered ineffective assistance by failing to fully advise the defendant about a potential motion to suppress was properly denied without an evidentiary hearing.

3. Leave to proceed on appeal *in forma pauperis* is granted.

SO ORDERED on August 8, 2016.

                                              s/Robert L. Hinkle
                                              United States District Judge